<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS JOHN SALZANO, ET. AL., <br><br>           Appellant, <br><br> v. <br><br> CHARLES M. FORMAN, <br> CHAPTER 7 TRUSTEE OF THE ESTATE <br> OF NORVERGENCE, INC., <br><br>           Appellee. | Civ. No. 09-1945 (DRD) <br><br> <u>**O P I N I O N**</u> |

*Appearances by:*

THOMAS JOHN SALZANO
20 Argyle Street
Glen Ridge, NJ 07028

   *Pro Se Appellant,*

PORZIO, BROMBERG & NEWMAN, P.C.
by: Terri Jane Freedman, Esq., Warren J. Martin, Esq., and Robert M. Schechter, Esq.
100 Southgate Parkway, P.O. Box 1997
Morristown, NJ 07962

   *Attorneys for Appellee.*

**<u>DEBEVOISE, Senior District Judge</u>**

   Appellant Thomas John Salzano brings this action as a challenge to a September 19, 2008 ruling of the United States Bankruptcy Court for the District of New Jersey denying his Motion to Disqualify the law firm of Porzio, Bromberg & Newman, P.C. ("Porzio") as special counsel to

Appellee Charles M. Forman, trustee for the estate of Norvergence, Inc. ("Norvergence"). Appellant argues that (1) Porzio does not qualify as a "disinterested" party under 11 U.S.C. §§ 101(14) and 327(a) because the firm was involved in a prior litigation unrelated to the bankruptcy proceedings which give rise to this appeal, in which it represented a litigant asserting claims against the Appellant, and (2) the firm violated Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014(a) by failing to disclose the outcome of the earlier litigation and provide transcripts of all proceedings in that case. In opposition to the appeal, Porzio contends that the "disinterested" party standard contained in 11 U.S.C. §§ 101(14) and 327(a) requires only that its interests not be adverse to those of the Norvergence estate, and the fact that it represented litigants in a previous action against Appellant is therefore irrelevant. Additionally, the firm asserts that its disclosures prior to being appointed – which included statements to the effect that it had "initiated adversary proceedings" against Appellant in another matter and citations which would allow the Bankruptcy Court to obtain the filings from that action – were sufficient to satisfy Bankruptcy Rule 2014(a).

Upon review of the record, the Court finds Appellant's contentions unavailing. Porzio's disclosures regarding its role in the earlier litigation were sufficient to provide the Bankruptcy Court with the information necessary to determine whether a conflict of interest existed, and the that Court was correct in finding that the law firm was a "disinterested" party within the meaning of 11 U.S.C. §§ 101(14) and 327(a). To the contrary, the opinion rendered by the Bankruptcy Court in denying Appellant's Motion to Disqualify Porzio as special counsel to the trustee of the Norvergence estate is highly persuasive. Therefore, the ruling below will be affirmed.

## I. BACKGROUND

The events that gave rise to this appeal began on June 30, 2004. That day, several creditors filed a petition for involuntary bankruptcy against Norvergence. In a subsequent hearing, Norvergence consented to the entry of an Order of Relief pursuant to Chapter 11 of the Bankruptcy Code and the conversion of the case to a Chapter 7 liquidation proceeding under 11 U.S.C. § 1112(b). Appellee Charles M. Forman was appointed to oversee the liquidation as Trustee of the Norvergence estate.

On August 2, 2004, Mr. Forman filed an application with the Bankruptcy Court seeking authorization to retain Porzio as special counsel. In that application, Mr. Forman stated that he "selected Porzio as Special Counsel because of its … experience and history in dealing with the telecommunications industry in general, and the Debtor's principals [meaning the Appellant], in particular." (Appellee's Br., Ex. N-1 ¶ 6.) Mr. Forman's application was accompanied by an "Affidavit of Disinterestedness" submitted by Porzio partner William J. Martin, Jr, in which he stated that:

> I have knowledge regarding some of the Debtor's principals, including Thomas N. Salzano, as I initiated separate adversary proceedings in the National Tele-Communications, Inc., et. al. (Bankr. Case No. 99-32133) ("NTC") bankruptcy matter on behalf of the NTC Official Committee of Unsecured Creditors against Thomas N. Salzano, and certain of his relatives and other companies for the recovery of alleged fraudulent conveyances and preferential transfers. (See Adv. Pr. Nos. 00-3301 and 01-3198). I believe my prior knowledge will be helpful to the Trustee in analyzing the Debtor's business and possible causes of action.

(Id. at Ex. N-2 ¶ 5.)

The proceeding referred to in Mr. Martin's affidavit was an action involving NTC, a company of which Appellant's father, Thomas N. Salzano, was the Chief Executive Officer. Porzio attorneys – who at the time worked for another firm, Riker, Danzig, Scherer, Hyland &

Perretti, LLP – represented the Official Committee of Creditors (the "Committee") appointed by the Bankruptcy Court in that action. On March 29, 2000, the Committee instituted adversary proceedings aimed at invalidating certain transfers between NTC and members of the Salzano family. In its Complaint, which asserted claims for breach of fiduciary duty and fraudulent conveyance pursuant to 11 U.S.C. § 548(a), the Committee alleged that the transfers at issue were made while NTC was already insolvent and were carried out as part of a scheme conceived and implemented by Thomas N. Salzano in an effort to "loot" the company by converting its assets to his own private stream of income. In a ruling dated January 17, 2003, the Bankruptcy Court dismissed the Committee's Complaint in the NTC matter for failure to state a claim upon which relief could be granted.

On June 26, 2008 – almost four years after the appointment of Porzio as special counsel to Mr. Forman – Appellant filed a motion to disqualify the firm on the grounds that (1) it harbored a bias against both him and his family due to the previous litigation and was therefore not a "disinterested" party under 11 U.S.C. §§ 101(14) and 327(a), and (2) the firm violated Bankruptcy Rule 2014(a) by failing to disclose the fact that the Committee's claims were dismissed in the earlier proceeding and file a transcript of the oral decision rendered in that case. In a September 19, 2008 opinion, the Bankruptcy Court denied Appellant's Motion to Disqualify Porzio.[1] The Court noted in its ruling that Porzio disclosed its involvement in the prior action by submitting the aforementioned "Affidavit of Disinterestedness" and discussed similarities between the Complaints in the two proceedings. Given the separate nature of the proceedings and the fact that Appellant was named as a Defendant in both actions, the Court found that Porzio was a "disinterested" party under 11 U.S.C. §§ 101(14) and 327(a) because "a plain reading of the provisions leads to the conclusion that Section 327(a) and Section 101(14) must

---

[1] The Bankruptcy Court entered an order implementing its opinion on March 11, 2009.

by interpreted in relation to any adverse interest to the <u>estate</u>, not necessarily to the Defendant in an adversary proceeding." (Tr. of Oral Op. dated Sept. 19, 2008, 18:4-8) (emphasis added). With respect to Appellant's claims that Porzio violated Bankruptcy Rule 2014(a), the Bankruptcy Court held that Porzio was not required to disclose the outcome of the prior action or submit a transcript of the oral decision in that case, stating that "[t]he Court does not believe that this rule requires the specific disclosure of legal decisions made in another case, but even if that were the case, it is clear that the Court was advised of the participation of members of the Porzio firm, both … in the Norvergence case and the NTC case." (<u>Id.</u> at 23:7-12.)

## II.  DISCUSSION

Appellant contends that the Bankruptcy Court erred in denying his Motion to Disqualify Porzio as special counsel to Mr. Forman. Specifically, Appellant claims that the Bankruptcy Court was obligated by 11 U.S.C. § 327(a) and the definition of "disinterested person" contained in 11 U.S.C. § 101(14) to consider when appointing Porzio as special counsel to Mr. Forman the "bias and inherent unfairness perceived by main parties in interest such as myself" due to the Porzio attorneys' involvement in another matter in which Appellant was a Defendant. (Appellant's Br. at 26.) In other words, Appellant contends that the work of Porzio attorneys in an unrelated adversary proceeding in which he was a Defendant creates a conflict of interest that precludes those attorneys from pursuing claims against him in the current action. Moreover, Appellant argues that "Porzio tried to avoid the straightforward strictures of [Bankrupcty] Rule 2014 by not setting forth all relevant facts regarding its personal connections to this Debtor and parties in interest." (<u>Id.</u> at 35.)

For the reasons set forth herein, Appellant's contentions that Porzio possesses a disqualifying conflict of interest are premised on a misconstruction of 11 U.S.C. § 327(a) and the

definition of "disinterested person" contained in 11 U.S.C. § 101(14). Moreover, Appellant's claim that Porzio violated Bankruptcy Rule 2014(a) by failing to set forth "all relevant facts" relating to the prior proceeding is unavailing. The Rule requires that a prospective attorney disclose "all of the person's connections with the debtor, creditors, [and] any other party in interest," but does not require the attorney to set forth in detail the holdings of the court or produce copies of hearing transcripts and opinions rendered in those cases. Fed. R. Bankr. P. 2014(a). Therefore, this Court agrees with the Bankruptcy Court's determination that Porzio qualified for appointment as special counsel to Mr. Forman under 11 U.S.C. §§ 101(14) and 327(a), and the decision below will be affirmed.

**A. Jurisdiction and Standard of Review**

Appellant challenges the validity of the Bankruptcy Court's March 11, 2009 order denying his motion to disqualify Porzio as special counsel to Mr. Forman. Although Appellant argues otherwise, that ruling was not a final judgment, but rather a collateral determination. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375-76 (1981). However, this Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3) to grant leave for interlocutory appeals of Bankruptcy Court orders. In order to settle the issues raised by Appellant's challenge and ease the administration of the proceedings below, the Court will grant such leave and resolve the pending appeal on its merits.

On appeal, a bankruptcy court's legal determinations are reviewed de novo. In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005). Under that standard, this Court gives no deference to the lower Court's legal judgments. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904 (3d Cir. 1992) (elucidating standard with respect to review of magistrate judge's legal ruling). Factual findings are reviewed for clear error, United Healthcare, 396 F.3d

at 249, and will be disturbed only if they are "completely devoid of a credible evidentiary basis or bear[] no rational relationship to the supporting data." Shire U.S., Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003). A bankruptcy court's discretionary determinations will be overturned only in cases of abuse of discretion, United Healthcare, 396 F.3d at 249, meaning that the determination was "arbitrary, irrational, or contrary to law." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (applying abuse of discretion standard in an immigration case).

**B. "Disinterested" Status Under 11 U.S.C. §§ 101(14) and 327(a)**

The appointment of an attorney or attorneys to represent the trustee in a bankruptcy case is governed by 11 U.S.C. § 327(a). That section states, in relevant part:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

"Disinterested person" is defined by 11 U.S.C. § 101(14) to include any person that:

> (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

In determining the propriety of Porzio's appointment as special counsel to Mr. Forman under 11 U.S.C. §§ 101(14) and 327(a), the Court must give effect to the plain meaning of those statutes. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242-43 (1989). "Section 327(a) permit[s] [a] district court to disqualify [a] Firm [appointed by the Bankruptcy Court] only if it ha[s] an actual or potential conflict of interest." In re Marvel Entm't Group, Inc., 140 F.3d 463, 477 (3d Cir. 1998). "The term 'actual conflict of interest' is not defined in the [Bankruptcy]

7

Code and has been given meaning largely through a case-by-case evaluation of particular situations arising in the bankruptcy context." In re BH & P, Inc., 949 F.2d 1300, 1315 (3d Cir. 1991).  Rather than follow a rigid conception of what constitutes a conflict of interest, Bankruptcy "Courts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual [or potential] conflict exists in light of the particular facts of each case."  Id. (internal quotations omitted).

In order to clarify the meaning of "conflict of interest" as that term of art is used in the case law governing appointment of counsel pursuant to 11 U.S.C. § 327(a), the Bankruptcy Court consulted the New Jersey Rules of Professional Conduct ("Professional Rules").  Section 1.7 of the Professional Rules defines "conflict of interest" to include any situation in which:

> The representation of one client will be directly adverse to another client; or there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Section 1.9 of the Professional Rules clarifies that standard as it relates to past actions, stating:

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client,
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer, while at the former firm, had personally acquired information … that is material to the matter unless the former client gives informed consent, confirmed in writing.[2]

---

[2] The provisions of the New Jersey Rules of Professional Responsibility governing conflicts of interest closely track corresponding sections of the American Bar Association's Model Rules of Professional Conduct.  Those rules have been adopted by 48 states, all of which use similar provisions to define the term "conflict of interest."

8

In light of the definition of "conflict of interest" contained in the Professional Rules, the Bankruptcy Court held that the Porzio attorneys who were involved in the prior action did not have a conflict of interest because Appellant was never their client, but rather an adverse party in both the previous and current proceedings.  That ruling was correct as a matter of law and reasonable in light of the facts of this case.  Porzio's duty as special counsel to Mr. Forman is to represent the interests the estate, not those of the Appellant.  To the contrary, the Appellant is a Debtor in this action – his interests are directly adverse to the estate and its creditors.  Even if the Porzio attorneys do harbor feelings of animosity toward Appellant born out of the prior proceeding, those feelings will not have a tendency to affect the zealousness of their representation of the estate's interests, as the two are aligned.  Therefore, the Bankruptcy Court's finding that Porzio qualifies for appointment as special counsel to Mr. Forman pursuant to 11 U.S.C. § 327(a) and is a "disinterested" party under 11 U.S.C. § 101(14) will be affirmed.

**C.  Disclosures Pursuant to Bankruptcy Rule 2014(a)**

The lower Court's ruling regarding Appellant's claim that Porzio violated Bankruptcy Rule 2014(a) must also be sustained.  Under that provision, an attorney applying for appointment must submit "a verified statement … setting forth the person's connections with the debtor, creditors, and any other party in interest." Fed. R. Bankr. P. 2014(a).  The meaning of the rule is plain on its face: attorneys must disclose the fact of any connection to a party in interest, whether that connection arises through previous litigation or otherwise.  However, nothing in the text of the rule requires the disclosure of extraneous details relating to those connections – such as the results of a previous litigation or transcripts of any particular decision in that proceeding – and there is no authority in the applicable case law for imposing such a requirement.

Porzio's disclosures were clearly sufficient to satisfy the requirements of Bankruptcy Rule 2014(a).  In his "Affidavit of Disinterestedness," Porzio partner William J. Martin, Jr. stated that he had previously "initiated separate adversary proceedings" against Appellant and "and certain of his relatives and other companies."  (Appellee's Br., Ex. N-2 ¶ 5.)  In the same document, Mr. Martin provided the case name of the earlier proceedings and a citation, thus enabling the Bankruptcy Court to examine the prior action and retrieve any documents or rulings relevant to its determination regarding whether Porzio was a "disinterested" party in the current case.  (Id.)  Moreover, Mr. Martin's affidavit provided a short summary of the prior action, stating that it had sought "the recovery of alleged fraudulent conveyances and preferential transfers."  (Id.)  The sum of those disclosures provided the Bankruptcy Court with sufficient information to determine the nature of the prior contacts between the Porzio attorneys and Appellant and decide whether the firm was "disinterested" within the meaning of 11 U.S.C. §§ 101(14) and 327(a).  The imposition by this Court of a requirement that information regarding the outcome of the prior action or a transcript of the Bankruptcy Court's decision in that case – none of which is relevant to the narrow question of whether the Porzio attorneys hold an interest adverse to the estate in the current proceedings – be included in such disclosures would have served only to supplement an already-sufficient record with potentially voluminous and immaterial documentation detailing every facet of the disclosed connection.  Therefore, the lower Court's holding that Porzio complied with the provisions of Bankruptcy Rule 2014(a) will be affirmed.

## III.  CONCLUSION

For the foregoing reasons, the Bankruptcy Court's denial of Appellant's Motion to Disqualify Porzio as special counsel to Mr. Forman is affirmed.

The Court will enter an order implementing this opinion.

                                     **s/ Dickinson R. Debevoise**
                                     DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 14, 2009